******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# 111 CLEARVIEW DRIVE, LLC *v.* LOIS PATRICK ET AL.
## (AC 45702)

Bright, C. J., and Elgo and Cradle, Js.

*Syllabus*

The plaintiff property owner sought, by way of a summary process action, to recover possession of certain real property occupied by the defendants. A tax foreclosure action related to the property had previously been brought against, inter alia, J and H. The defendants were not named in the foreclosure action. The defendant L filed multiple motions in the foreclosure action attempting to intervene, claiming that she had acquired a two-thirds interest in the property upon J's death and that, after the court rendered a judgment of foreclosure by sale, she had acquired the remaining one-third interest in the property from the heirs of H. The court in the foreclosure action denied L's motion to intervene on behalf of the two-thirds interest in the property as untimely and dismissed L's motion to open and vacate the foreclosure judgment on behalf of the one-third interest in the property as moot. The property was subsequently sold and, after the sale was approved by the court in the foreclosure action, the buyer conveyed the property to the plaintiff. L subsequently commenced a quiet title action regarding the property, which was dismissed by the court as an improper collateral attack on the foreclosure judgment. The plaintiff initiated the present summary process action while the quiet title action was pending before the trial court, seeking immediate possession of the property. After the trial court dismissed the quiet title action for lack of subject matter jurisdiction, and while the appeal from that dismissal was pending before this court, the plaintiff filed a motion in limine in the present action seeking to exclude from the trial of the summary process action any evidence that contradicted or collaterally attacked the foreclosure judgment or the quiet title action. The court granted the motion in limine, and, during the subsequent trial in the summary process action, the court sustained the objections of the plaintiff's counsel to exhibits and evidence associated with the foreclosure action. The court subsequently rendered judgment for possession of the property for the plaintiff, and the defendants appealed to this court. *Held* that the defendants could not prevail on their claim that the trial court improperly granted the plaintiff's motion in limine, this court having concluded that it was legally and logically correct for the trial court to grant the motion in limine because the record dispositively established that the defendants' evidence of an ownership interest in the property was irrelevant as a matter of law: although the defendants claimed that the trial court improperly relied on the doctrine of collateral estoppel when it granted the motion in limine, the record did not support that assertion, as the trial court stated several times during the trial that the motion in limine was related to a collateral attack on a prior judgment; moreover, as explained further in the companion case of *Patrick* v. *111 Clearview Drive, LLC* (224 Conn. App. 401), the trial court correctly determined that the only purpose of the evidence was to support nonjusticiable claims and, therefore, the defendants' challenge to the foreclosure judgment was improper because the court could offer no practical relief to the defendants; furthermore, for the reasons discussed in *Patrick* v. *111 Clearview Drive, LLC,* supra, 224 Conn. App. 418–419, the defendants' claim that L retained an ownership interest in the property as an omitted party from the foreclosure action pursuant to statute (§ 49-30) was without merit, as § 49-30 was not relevant given that L attempted to directly attack the foreclosure judgment in the foreclosure action but was unsuccessful in those efforts.

Argued September 14, 2023—officially released March 26, 2024

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Fairfield, Housing Ses-

sion, where the court, *Hon. William Holden*, judge trial referee, granted the plaintiff's motion in limine to preclude certain evidence; thereafter, Justin Patrick and Julian Patrick were substituted for the defendants John Doe and John Doe; subsequently, the matter was tried to the court, *Hon. William Holden*, judge trial referee; judgment for the plaintiff, from which the named defendant et al. appealed to this court. *Affirmed.*

*Earle Giovanniello*, for the appellants (named defendant et al.).

*James R. Winkel*, for the appellee (plaintiff).

*Opinion*

ELGO, J. In this summary process action, the defendants Lois Patrick, Justin Patrick, and Julian Patrick[1] appeal from the judgment of possession rendered by the trial court in favor of the plaintiff, 111 Clearview Drive, LLC. On appeal, the defendants claim that the trial court improperly granted the plaintiff's motion in limine, which precluded them from presenting certain evidence to support their claim that Lois was an omitted party in the related foreclosure action of *Benchmark Municipal Tax Services, Ltd.* v. *Roundtree*, Superior Court, judicial district of Fairfield, Docket No. CV-16-6059553-S (*Benchmark* action and/or *Benchmark* judgment), and thus maintained a legitimate and legally viable interest in the property in question. We affirm the judgment of the trial court.

*Patrick* v. *111 Clearview Drive, LLC*, 224 Conn. App. 401, A.3d (2024), is a companion case that we also release today. The facts, procedural history, and legal analysis relevant to resolving the two cases are substantially similar. The relevant facts and procedural history are as follows: "On August 29, 2016, Benchmark Municipal Tax Services, Ltd. (Benchmark), recorded a notice of lis pendens on the Bridgeport land records for the property known as 44 Wentworth Street (property).[2] On September 26, 2016, Benchmark commenced a tax foreclosure action involving the property against Erma Jean Roundtree (Erma Jean), Eunice H. Roundtree (Eunice), and others not relevant to this [summary process] action. See *Benchmark Municipal Tax Services, Ltd.* v. *Roundtree*, [supra, Superior Court, Docket No. CV-16-6059553-S]. The [defendants were not] named . . . in the *Benchmark* action. A judgment of foreclosure by sale was rendered in the *Benchmark* action on December 12, 2016. After the judgment was opened, a second judgment of foreclosure by sale was rendered on December 4, 2017, and the court ordered a sale date of May 5, 2018. The sale of the property proceeded as scheduled, with Khurram Ali emerging as the successful bidder. The court approved the sale on August 28, 2020, and Ali conveyed the property to [the plaintiff] on February 6, 2021, by quitclaim deed. During and after the pendency of the *Benchmark* action, [Lois] filed multiple motions with the court in an attempt to intervene, asserting an ownership interest in the property. [Lois] claimed that she had acquired a two-thirds interest in the property on October 29, 2017, upon the death of Erma Jean by descent as Erma Jean's only heir, and a one-third interest in the property by quitclaim deed on April 17, 2021, from the heirs of Eunice, who died on June 5, 2020. The court denied [Lois'] motion to intervene on behalf of the two-thirds interest in the property as untimely and dismissed [her] motion to open and vacate the *Benchmark* judgment on behalf of the one-third interest in the property as moot.[3] [Lois]

made additional attempts to litigate her alleged interest in the property, all of which were unsuccessful.[4]

"[Lois] commenced [a] quiet title action in May, 2021, and, in July, 2021, filed a revised complaint in accordance with General Statutes § 47-31[5] regarding her alleged interests in the property." (Footnotes in original.) *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 403–405. "In a memorandum of decision issued on March 7, 2022, the court dismissed [the quiet title] action as 'an improper collateral attack on the foreclosure judgment.'" Id., 406, 407. Lois appealed from that decision, and the resulting opinion by this court is substantially related to the resolution of the defendants' motion in limine claim in this appeal. See id., 407.

The present action was initiated in September, 2021, while the quiet title action was pending before the trial court. The plaintiff initiated a summary process action against the defendants and others living at the property, seeking immediate possession of the property. Lois filed an answer to the complaint, along with special defenses alleging that (1) "[t]he plaintiff does not have good title to the property" and (2) "[t]he defendant [Lois] is the owner of the property." The plaintiff denied the allegations made in the special defenses. After the trial court dismissed the quiet title action for lack of subject matter jurisdiction because it constituted an improper collateral attack on a final judgment, and while the appeal from that dismissal was pending before this court, the plaintiff filed the motion in limine at issue. The motion in limine sought "to exclude certain evidence at the trial of this summary process action . . . [s]pecifically . . . to preclude any evidence . . . that contradicts or collaterally attacks the . . . [*Benchmark* judgment], as well as the . . . [quiet title action]." The court granted the motion on May 25, 2022.

The court held a trial on the summary process action over the course of two days. During the first day of that trial, on June 15, 2022, Lois' counsel asked the court to respond to her motion for clarification regarding the grant of the plaintiff's motion in limine, specifically, to articulate the scope of what was to be precluded as well as the basis for the exclusion. The court stated that Lois was precluded from presenting evidence attacking the *Benchmark* judgment, the *Benchmark* foreclosure proceedings, "[t]he committee deed by which Ali took title, [and] the quiet title action, as such would constitute an impermissible collateral attack on a final judgment . . . ." The court stated that "the motion in limine stands" over the objection that Lois was an omitted party to the *Benchmark* action.[6]

Accordingly, at the trial on both June 15 and August 3, 2022, the court sustained the objections of the plaintiff's counsel to exhibits and evidence associated with the *Benchmark* action. At the conclusion of the summary

process trial, the court rendered judgment for possession of the property in favor of the plaintiff. From that judgment, the defendants now appeal.

As a preliminary matter, we note that the applicable standard of review is dependent upon the characterization of the trial court's ruling. "Evidentiary claims ordinarily are governed by the abuse of discretion standard. . . . That deferential standard, however, does not apply when the trial court's ruling on the motion in limine . . . was based on [a] legal determination . . . ." (Citation omitted; internal quotation marks omitted.) *Grovenburg* v. *Rustle Meadow Associates, LLC*, 174 Conn. App. 18, 68, 165 A.3d 193 (2017). At the trial on June 15, 2022, in response to the defendants' request to clarify the basis of the court's ruling on the motion in limine, the court stated, "what we have here [is] a collateral attack on the judgment of the court." The court's reasoning for granting the motion in limine was thus based on a legal determination that the admission of the proffered evidence would ultimately permit a collateral attack on a final judgment. "Accordingly, the applicable standard of review requires this court to determine whether the trial court was legally and logically correct when it decided, under the facts of the case, to exclude evidence of [the *Benchmark* action and the quiet title action]. . . . Our review, therefore, is plenary." (Citation omitted; internal quotation marks omitted.) *Grovenburg* v. *Rustle Meadow Associates, LLC*, supra, 68.

On appeal, the defendants claim that the court improperly based its decision to grant the motion in limine on the doctrine of collateral estoppel, which the defendants argue does not apply to this case because (1) they were not parties to the underlying *Benchmark* action, and (2) the quiet title action was on appeal at that time. The defendants thus ask this court to remand the case for further proceedings to allow them to "present evidence supporting their claim that [Lois] was an omitted party in the [*Benchmark*] action . . . ."

Although the defendants assert that the court improperly relied on the doctrine of collateral estoppel when granting the motion in limine, that assertion is not supported by the record. During the June 15, 2022 proceedings, the court stated five separate times that the motion in limine was related to a collateral attack on a prior judgment.[7] Therefore, the record demonstrates that the court's basis for granting the motion in limine was to exclude evidence that would result in an improper collateral attack on the *Benchmark* judgment.

Next, we must determine if the court's decision to grant the motion in limine was legally and logically correct. "The purpose of a motion in limine is to exclude irrelevant, inadmissible and prejudicial evidence from trial . . . ." (Internal quotation marks omitted.) *State* v. *Lo Sacco*, 26 Conn. App. 439, 444, 602 A.2d 589 (1992).

It follows that a court properly may determine that evidence proffered by a party is irrelevant when its only purpose is to support a claim that is nonjusticiable. "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. . . . Justiciability requires . . . that the determination of the controversy will result in practical relief to the complainant. . . . [J]usticiability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine." (Internal quotation marks omitted.) *Peck* v. *Statewide Grievance Committee*, 198 Conn. App. 233, 247, 232 A.3d 1279 (2020).

The legal analysis contained in parts I and II of the companion case, *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 409–19, is dispositive of the claim presented in this appeal. There is no useful purpose to repeat that legal analysis here. For the reasons explained in that opinion; see id., 409–18; we conclude that the court correctly granted the motion in limine because the only purpose of the evidence was to support nonjusticiable claims. As we explained in that companion opinion, the defendants' challenge to the *Benchmark* judgment was improper because "the court can offer no practical relief to the party collaterally attacking the prior judgment, rendering the action nonjusticiable." *Peck* v. *Statewide Grievance Committee*, supra, 198 Conn. App. 248.

Furthermore, for the reasons discussed in the companion case, the defendants' claim that Lois retains an ownership interest in the property as an omitted party[8] from the *Benchmark* judgment is without merit. See *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 418–19. As we discussed in that opinion, General Statutes § 49-30 is not relevant given that Lois attempted to directly attack the *Benchmark* judgment in the underlying action but was unsuccessful in those efforts. Id. We therefore conclude that it was legally and logically correct for the court to grant the motion in limine because the record dispositively establishes that the defendants' evidence of an ownership interest in the property was irrelevant as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The operative complaint named Lois Patrick, John Doe, John Doe, Jane Doe, and Jane Doe as defendants. The court subsequently granted motions to substitute Justin Patrick and Julian Patrick as defendants for John Doe and John Doe. A motion for default for failure to appear was granted against defendants Jane Doe and Jane Doe. For purposes of clarity, we refer to the defendants individually by first name and collectively refer to Lois Patrick, Justin Patrick, and Julian Patrick as the defendants.

[2] "We note the well established principle that a court 'may take judicial notice of the file in another case, whether or not the other case is between the same parties . . . .' . . . *Rogalis, LLC* v. *Vazquez*, 210 Conn. App. 548, 556, 270 A.3d 120 (2022)." *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 404 n.2.

[3] "On April 6, 2018, after acquiring the two-thirds interest in the property from Erma Jean, [Lois] filed motions to intervene and to open and vacate

the *Benchmark* judgment. Those motions were denied as untimely under General Statutes § 52-325 (a) on May 1, 2018, and [Lois] did not appeal those determinations. On May 10, 2021, after obtaining Eunice's one-third interest in the property by quitclaim deed, [Lois] filed a motion to open and vacate the *Benchmark* judgment. That motion was dismissed as moot '[p]er oral record' on June 2, 2021. On June 16, 2021, [Lois] filed a motion to reconsider the court's dismissal of the motion to open and vacate the judgment. The court issued an order on June 16, 2021, stating that it had 'reviewed this motion for reconsideration and [was] not changing its ruling on the underlying motion.' [Lois] did not appeal that order." *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 404–405 n.3.

[4] "[Lois'] additional attempts to challenge the *Benchmark* judgment included the following. On August 31, 2020, [Lois] filed a request to stay the proceedings until a legal representative could be appointed to represent the interests of Eunice, who died on June 5, 2020. That request was dismissed on September 16, 2020. [Lois] filed another motion to open the judgment and vacate orders on September 8, 2020, which was dismissed on September 16, 2020, because [she] was not a party to the underlying action. On September 16, 2020, [Lois] filed a motion to reargue and reconsider the order approving the sale of the property, which was denied on September 30, 2020. From that decision, [Lois] filed an appeal with this court, which was dismissed on January 13, 2021, for lack of standing as [she] was not a party to the underlying action." *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 405 n.4.

[5] "General Statutes § 47-31 (a) provides in relevant part: 'An action [to settle title or claim an interest in real property] may be brought by any person claiming title to, or any interest in, real . . . property . . . against any person who may claim to own the property . . . or to have any interest in the property . . . for the purpose of determining such . . . interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the property. Such action may be brought whether or not the plaintiff is entitled to the immediate or exclusive possession of the property.' " *Patrick* v. *111 Clearview Drive, LLC*, supra, 224 Conn. App. 405 n.5.

[6] Upon request of the plaintiff and over the objection of the defendants, the court applied that ruling to Justin and Julian on August 3, 2022. During oral argument before this court, the defendants' counsel acknowledged that Justin and Julian are in privity with Lois and may only have an interest in the property if she has a viable ownership interest. Accordingly, any holding relating to Lois' ownership interest in the property extends to Justin and Julian as well.

[7] The court mentioned collateral estoppel one time during the June 15, 2022 proceedings. The record indicates that this mention was in the context of quoting language from the plaintiff's motion in limine and not as the basis for granting that motion. Specifically, the court stated: "I'm reading from the request of the plaintiff: 'introducing testimony seeking to attack the foreclosure judgment or the foreclosure action proceedings, the committee deed by which Ali took title, or the quiet title action as such would constitute an impermissible collateral attack on a final judgment, and it's precluded, and the collateral estoppel . . . would be inequitable given the actions.' " Read in context, it appears that the court was merely quoting and/or paraphrasing the plaintiff's motion in limine, which had included collateral estoppel as an alternative ground on which evidence related to the *Benchmark* action should be excluded.

[8] General Statutes § 49-30 is titled "Omission of parties in foreclosure actions" and provides in relevant part: "When a mortgage or lien on real estate has been foreclosed and one or more parties owning any interest in . . . such real estate . . . has been omitted or has not been foreclosed . . . because of improper service of process or for any other reason . . . [s]uch omission or failure to properly foreclose such party or parties may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title, or his successor in title, and the party or parties thus not foreclosed, or their respective successors in title."